**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SANDRA L. HILL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:10-cv-1324-O** |
| | § | |
| **SPRINT/UNITED MANAGEMENT CO.,** | § | |
| | § | |
| **Defendant.** | § | |

<u>ORDER DISMISSING CASE</u>

This is a wrongful termination suit brought by Plaintiff under the Family and Medical Leave Act of 1993, the Employee Retirement Security Act of 1974, and the Americans with Disabilities Act of 1990.  Plaintiff alleges that she suffered from medical problems related to her kidneys and was wrongfully fired after taking leave and requesting short term disability coverage for her absence. *See Complaint*.

On February 10, 2011, Plaintiff's attorneys, John H. Crouch, IV, and the Law Firm of Kilgore & Kilgore, PLLC filed a Motion to Withdraw and Brief in Support (ECF No. 23), citing lack of communication and cooperation by the Plaintiff as the basis  for the request to withdraw.  On February 16, 2011, the Court ordered a hearing for February 24, 2011 and required the Plaintiff to file a status report no later than February 22, 2011 indicating how she intended to go forward if the motion to withdraw was granted.  Order for Hearing, ECF No. 24.  Plaintiff failed to comply with the Court's Order, and the Court issued a second Order informing Plaintiff that she must appear at the hearing to show cause why she should not be held in contempt or otherwise sanctioned for failing to follow the February 22 Order.  February 23, 2011 Order, ECF No. 25.  Plaintiff was

informed that if she did not appear, sanctions may include dismissing this case. *Id.* On February 23, Plaintiff's counsel filed a Report on Efforts to Comply with Court Order (ECF No. 26) notifying the Court of all efforts made to contact their client including certified mail, e-mail, phone calls, and contact with Plaintiff's sister and husband. Plaintiff did not appear at the hearing and therefore failed to comply with two of the Court's Orders.

Rule 41(b) of the Federal Rules of Civil Procedure allows the District Court to dismiss an action *sua sponte* for failure to prosecute or for failure to follow orders of the Court. This authority flows from the Court's inherent power to manage its docket. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, a dismissal *with prejudice* for want of prosecution is an extreme sanction which should be employed only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

In the case at bar, Plaintiff has failed to comply with the Court's orders. Absent compliance, this case cannot proceed. In light of the status of this case, the imposition of fines and costs is not appropriate. Upon consideration of all relevant factors, the Court finds that the interests of justice and those of judicial efficiency would best be served by dismissal of this action without prejudice.

For the foregoing reasons, it is **ORDERED** that this action is dismissed pursuant to Rule 41(b), Federal Rules of Civil Procedure, for failure to follow orders without prejudice to Plaintiff's right to reopen the case within thirty days of the date of this order.

The Clerk of Court shall mail a copy of this order to Plaintiff at 1418 Prentice Street

Arlington, Texas 76018.

**SO ORDERED** this **24th** day of **February, 2011**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**